JUSTICE RICE,
concurring.
¶28 I concur in the decision of the Court because I agree that the governing statutes do not clearly provide that DNRC must “grant” a permit if it has missed the statutory deadlines, particularly where a general purpose of the statutory scheme is to protect senior appropriators. Thus, mandamus can issue only to compel DNRC to act, not to grant.
¶29 I agree with many of Justice Nelson’s thoughts as well, and further believe that DNRC’s actions are nothing less than arbitrary, if not outrageous. The DNRC has had the essence of this application before it since December of 2005. Following the filing of Bostwick’s second application, and the additional work completed by Bostwick at DNRC’s request, DNRC violated the 180 day processing deadline, failed to request an additional 60 days as provided by statute, and all the while did not indicate to Bostwick that the Department held any reservations about the application. When Bostwick’s further inquiries about the permit were ignored by DNRC, Bostwick was forced, in December of 2007, to seek the District Court’s issuance of an order to show cause. Apparently realizing that it was required to follow the law, and that a court would hold it accountable, DNRC magically kicked out a decision on Bostwick’s application in just six days-denying it, of course, and advising Bostwick for the first time of DNRC’s concerns about the application. DNRC’s quick action would be commendable if it hadn’t been taken to rectify DNRC’s earlier malfeasance and to short-circuit a court’s review of that malfeasance. Then, when Bostwick asked to be heard about the denial, DNRC obliged Bostwick by setting a hearing in front of the same official who had written the DNRC’s opinion denying the permit. Whether the DNRC was attempting to be humorous or capricious, I do not know, but on its face this raises potential due process concerns.
¶30 Only because I cannot conclude that the remedy requested by Bostwick is available under the statutes as written or under our decision in Paradise Rainbows v. Fish and Game Comm’n, 148 Mont. 412, 421 P.2d 717 (1966) allowing mandamus for failing to exercise discretion, I concur.